UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH P. WADE, et al., </br></br>  Plaintiff(s), </br></br> v. </br></br> MINATTA TRANSPORTATION CO., et al., </br></br>  Defendant(s). | No. C10-2796 BZ </br></br> **ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT** |

The Motion for Preliminary Approval of Class-Action Settlement, Conditional Certification of Settlement Class, and Approval of Notice Program came on regularly for hearing before this Court, the Honorable Bernard Zimmerman presiding, on June 22, 2011. During this hearing, the Court requested that the parties provide the Court with supplemental information and modify certain procedures and deadlines set forth in the parties' original submission. Thus, on August 19, 2011, Plaintiffs filed the Supplemental Declaration of Alan Harris in Support of Motion for Preliminary Approval of Class-Action Settlement, Conditional Certification of Settlement Class and Approval of Notice Program ("Supplemental

1

Harris Declaration"). On August 30, 2011, a supplemental hearing on preliminary approval of class action settlement came on for hearing, at which the Court requested that the parties modify the class notice and claim form in accordance with the Court's instructions. On September 2, 2011, Plaintiffs filed a Further Supplemental Declaration of Alan Harris in Support of Motion for Preliminary Approval of Class-Action Settlement, Conditional Certification of Settlement Class and Approval of Notice Program ("Further Supplemental Harris Declaration"). The Court, having considered the papers submitted in support of the motion, including the Supplemental Harris Declaration and Further Supplemental Harris Declaration and the modified Class Notice and Claim Form, and having heard the argument of counsel, **HEREBY ORDERS AS FOLLOWS:**

1. The Court **GRANTS** preliminary approval of the Settlement based upon the terms set forth in the Stipulation of Settlement ("Settlement") attached as Exhibit 1 to the Declaration of Alan Harris filed on May 18, 2011 (Docket No. 22), which was entered between Plaintiffs Kenneth P. Wade and Kevin R. Baer, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), and Defendants Minatta Transportation Company and Shamrock Materials, Inc. (collectively, "Defendants"). Certain terms and procedures for implementation of the Settlement are modified as set forth in the supplemental Harris Declarations (Docket Nos. 27 and 31) and the modified Class Notice (Docket No. 31-1) and modified Claim Form (Docket No. 31-3).

2. The Court hereby conditionally certifies, for

settlement purposes only, the following Settlement Class under Federal Rule of Civil Procedure 23 and under the federal Fair Labor Standards Act, 29 U.S.C. Section 216(b): All persons who were employed by Minatta as a truck driver between May 28, 2006, and the date that the Court enters the Order Granting Preliminary Approval of Settlement.

3. The Court finds, for settlement purposes only, that the numerosity requirement is met as there are approximately 44 members of the Settlement Class.

4. The Court finds, for settlement purposes only, that there are common issues of fact and law that affect Plaintiffs and the proposed Class Members, which include: (1) whether the Class Members were paid all of the minimum and overtime wages owed them, (2) whether the Class Members waived their rights to meal breaks and rest periods, (3) whether Defendants provided adequate wage statements in compliance with section 226 of the California Labor Code, (4) whether the Class Members whose employment with Defendants had terminated were paid all of their wages by the relevant due date, and (5) whether the Class Members received the meal breaks and rest periods mandated by sections 226.7 and 512 of the California Labor Code and Section 12 of the Industrial Welfare Commission Wage Orders. As Plaintiffs need only establish one common question of law or fact in order to meet the threshold set by Rule 23(a)(2), Plaintiffs' showing satisfies this requirement.

5. The Court finds, for settlement purposes only, that Plaintiffs' claims are typical of those of the Settlement Class they seek to represent. Plaintiffs' claims are typical

1 to the members of the Settlement Class because they were truck
2 drivers for Defendants and allege they were not paid adequate
3 minimum wage or overtime compensation, not provided required
4 meal breaks and rest periods, received inadequate wage
5 statements, and did not receive all wages due upon discharge.

6     6. The Court finds, for settlement purposes only, that
7 the named Plaintiffs will fairly and adequately represent the
8 interests of the Settlement Class. Plaintiffs have retained
9 counsel who have the experience and resources necessary to
10 provide adequate representation of the Settlement Class and
11 meet the requirements of Rule 23(g)(1).

12     7. The Court hereby preliminarily determines that the
13 compromise set forth in the Settlement falls within the range
14 of reasonableness, is in the best interests of the Settlement
15 Class, and appears to be presumptively valid, subject to any
16 objections that may be raised at or prior to the final
17 approval hearing. The Court hereby preliminarily approves the
18 Settlement under Rule 23(e) of the Federal Rules of Civil
19 Procedure.

20     8. A hearing on the question of whether the proposed
21 Settlement should be finally approved as fair, reasonable, and
22 adequate as to the members of the Settlement Class, including
23 its provision for payments to named Plaintiffs, and on
24 Plaintiff's Motion for Award of Attorneys' Fees and Costs is
25 scheduled for **February 1, 2012, at 10:00 a.m.** ("Final Approval
26 Hearing"), in **Courtroom C**, 15th Floor, Federal Building, 450
27 Golden Gate Avenue, San Francisco, California 94102.
28 Settlement Class Members wishing to be heard at the Final

4

Approval Hearing are required to file written comments or objections and indicate in their writings their intention to appear at the hearing, no later than two weeks before the Final Approval Hearing. Settlement Class Members need not appear at the Final Approval Hearing or take any other action to indicate their approval of the Settlement. Any Settlement Class Members may, but do not need to, enter an appearance through his or her attorney or may appear without an attorney.

9. The Court approves, as to form and content, the Class Notice in substantially the form as filed in Docket No. 31-1 and the Claim Form in substantially the form as filed in Docket No. 31-3, **provided** that the Class Notice is changed so that the first paragraph on page 2 provides that all objections and comments to the settlement must be submitted to the Claims Administrator rather than the Court.

10. The Court appoints Gilardi & Co., LLC to act as the third-party Claims Administrator. The Court directs the mailing of the Class Notice and Claim Form by first-class mail to the Settlement Class in accordance with the schedule and procedures set forth in the Settlement. Within **60 days** of the entry of this Order, Class Counsel shall file a declaration executed by the Claims Administrator stating that the Class Notice and Claim Form have been sent to the Settlement Class and reporting on any problems encountered in providing notice. The Court finds that the dates and method selected for the mailing and distribution of the Class Notice and Claim Form meet the requirements of due process and provide the best notice practicable under the circumstances, and shall

constitute due and sufficient notice to all persons entitled thereto.

11. Members of the Settlement Class who wish to challenge the compensable days worked used to calculate their share of the Settlement must provide written evidence to support their challenge to the Claims Administrator postmarked within 45 days of the date of mailing of the Class Notice. The Claims Administrator will have full discretion to resolve any such disputes regarding the number of days worked by a participating Class Member.

12. The Court confirms Alan Harris and Abigail Treanor of the law firm of Harris & Ruble and David S. Harris of the North Bay Law Group as Class Counsel.

13. The Court confirms Kenneth P. Wade and Kevin R. Baer as the representatives of the Settlement Class for class and collective actions.

14. If this case is subject to 28 U.S.C. § 1715, by **September 19, 2011**, Defendant shall file a declaration attesting to compliance.

15. Class Counsel shall file brief(s) requesting an award of reasonable attorneys' fees and costs, and an award of reasonable class representative enhancement fees to the representatives of the Settlement Class not later than the date Class Notice is sent out to all Class Members by the Claims Administrator. Class Counsel shall include one or more declarations with sufficient information about their billing rates and the time they worked on this case to enable the Court to calculate a lodestar as a cross check on their fee

6

1  claim. Furthermore, Class Counsel shall file a Motion for
2  Final Approval of the Class Action Settlement on or before
3  December 28, 2011. To the extent a participating Class Member
4  chooses to file an objection to any aspect of the settlement,
5  any such objection must be made at least 14 days before the
6  Final Approval Hearing. As set forth in the Class Notice, all
7  relevant pleadings, motions and orders shall be posted to a
8  website, the address of which shall be provided to Class
9  Members in the Class Notice.
10       16.  Before the Final Approval Hearing, Class Counsel
11 shall file a declaration executed by the Claims Administrator
12 stating the total number of claims submitted and the total
13 number of Compensable Workdays for which claims were
14 submitted, reporting on any objections and opt-outs it
15 received, and attaching the writings from all Class Members
16 who elected to opt out, objected or otherwise commented on the
17 settlement. The Court will be the final arbiter with respect
18 to any disputes as to whether a Class Member has opted out.
19       17.  Pending final determination as to whether the
20 settlement set forth in the Settlement should be approved,
21 Plaintiffs and Settlement Class Members, whether
22 directly, representatively, or in any other capacity, whether
23 or not such persons have appeared in this action, shall be
24 enjoined from filing, initiating or continuing to prosecute
25 any actions, claims, complaints, or proceedings in court, with
26 the California Division of Labor Standards Enforcement
27 ("DLSE"), with the California Labor and Workforce Development
28 Agency ("LWDA"), or with any other entity regarding the

Released Claims as set forth in the Settlement.

18.  Within **10 days** of making the last payments authorized by the Final Approval Order, the Claim Administrator shall file an accounting with the Court.

Dated: September 6, 2011

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\WADE V. MINATTA\PRELIMINARY APPROVAL 2.wpd