UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH P. WADE, et al., </br></br>       Plaintiff(s), </br></br>    v. </br></br> MINATTA TRANSPORTATION CO., et al., </br></br>       Defendant(s). | No. C10-2796 BZ </br></br> **ORDER GRANTING ENHANCEMENT AWARD** |

Before the court is Plaintiffs' Motion for an Order Granting Enhancement Awards to the Class Representatives. The two class representatives each seek a $10,000 incentive payment for their services to the class.

In the Ninth Circuit, a court has discretion to award a class representative a reasonable incentive payment. <u>Staton v. Boeing Co.</u>, 327 F.3d 938, 977 (9th Cir. 2003; <u>Mego Fin'l Corp. Sec. Litig. Nadler</u>, 213 F.3d 454, 463 (9th Cir. 2000). Courts have approached such incentives cautiously because they tend to undermine the class representative's incentive to monitor sub-optimal or collusive settlements at the expense of other class members whose interests the named plaintiff has a

1

1  duty to protect.  Staton, 327 F.3d at 975.  Accordingly,
2  courts generally consider the following criteria in
3  determining whether to award an incentive payment: (1) the
4  risk to the class representative in commencing suit, both
5  financial and otherwise; (2) the notoriety and personal
6  difficulties encountered by the class representative; (3) the
7  amount of time and effort spent by the class representative;
8  (4) the duration of litigation; and (5) the personal benefit
9  (or lack thereof) enjoyed by the class representative as a
10 result of the litigation.  Id. at 977; Van Vranken v. Atlantic
11 Richfield Co., 901 F.Supp. 294, 299 (N.D. Cal. 1995).
12      Plaintiffs' counsel argue without any factual support,
13 that by assuming the role of class representatives, they
14 subjected themselves to risks not faced by other class
15 members, including the risk of retaliation.  This is a risk
16 inherent in any suit by an employee against an employer, and
17 if the representatives or their counsel truly had a basis for
18 concern, they could have taken steps to protect the
19 representatives identities.  This assertion is further
20 undermined by the Court's experience that plaintiffs' counsel
21 in FLSA suits frequently name a large number of class
22 representatives.  That said, the representatives have
23 benefitted from agreeing to act as a class representative -
24 they received skillful representation of experienced counsel
25 which will yield them each a payment of over $8,000.  See
26 Carter v. Anderson Merchandisers, LP, 2010 WL 144067 (C.D.
27 Cal. 2010).
28      In their declarations, the representatives briefly state

that they were involved with the case by interacting with counsel, participating in conferences, reviewing documents, and attending the day-long mediation that resulted in the settlement.  While the court does not minimize the import of this participation, the brief statement in their declarations, along with counsel's similarly vague description of their involvement, is insufficient to justify a $10,000 incentive payment for each.  They have not demonstrated that as class representatives they spent substantially more time and effort on the lawsuit than if they were suing only on their behalf.  In fact, neither representative provided the court with an estimate of the hours he spent on this litigation.

There is however one factor which merits an enhancement. During oral argument, counsel for plaintiffs represented that the class representatives had assisted in trying to locate those class members whose notice was returned or who did not submit a claim.  This resulted in two additional claims being made.  This activity not only demonstrated their dedication to representing their fellow workers, it also went against their financial interests since they would have received a prorated share of the payments which went to the two additional claimants.  For these reasons, **IT IS ORDERED** that each class representative receive an enhancement of $1,000.

Dated: February 1, 2012

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\WADE V. MINATTA\ORDER GRANTING ENHANCEMENT AWARD.wpd