UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH P. WADE, et al., ) <br> ) <br>     Plaintiff(s), ) <br> ) <br>   v. ) <br> ) <br> MINATTA TRANSPORTATION CO., ) <br> et al., ) <br> ) <br>     Defendant(s). ) <br> ─────────────────────────────) | No. C10-2796 BZ <br><br> **ORDER AWARDING ATTORNEYS' FEES AND COSTS** |

    Plaintiffs have achieved a settlement and have applied for an attorneys' fees award of 30% of the common fund. Specifically, Plaintiffs request an award of $150,000.00 in attorneys' fees and $4,000 in litigation costs and expenses. Defendants do not oppose Plaintiffs' proposed fee award. For the reasons set forth below, Plaintiffs motion is **GRANTED**.

    The total settlement provides for a maximum payment by Defendants of $500,000.00 plus Defendants' share of any applicable employer taxes. This settlement amount includes payment to the class members for their claims, as well as payments for enhancement awards to the class representatives, attorneys' fees to class counsel, and reasonable litigation

1

costs, subject to court approval.[1]  The class will receive the remainder of the $500,000.00 settlement less any amounts not claimed by class members and less amounts approved by the court for attorneys' fees, costs and enhancement awards.

In the Ninth Circuit, the court has discretion to award fees using either the lodestar method or the percentage of the fund method, as Plaintiffs have requested.  <u>In re Mercury Interactive Corp.</u>, 618 F.3d 988, 992 (9th Cir. 2010) (citing <u>Powers v. Eichen</u>, 229 F.3d 1249, 1256 (9th Cir. 2000)). Because the benefit to the class is easily quantified in common-fund settlements, the Ninth Circuit permits courts to award attorneys a percentage of the common fund "in lieu of the often more time-consuming task of calculating the lodestar."  <u>Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods. Liab. Litig.)</u>, 654 F.3d 935, 942 (9th Cir. 2011).  In the exercise of my discretion, I elect to use the percentage of the fund method.  Applying the percentage method, courts typically calculate 25% of the fund as the "benchmark" for a reasonable fee award, and must provide adequate explanation in the record of any "special circumstances" justifying a departure.  <u>Six (6) Mexican Workers v. Ariz. Citrus Growers</u>, 904 F.2d 1301, 1311 (9th Cir. 1990); <u>Paul, Johnson, Alston & Hunt v. Graulty</u>, 886 F.2d 268, 272 (9th Cir. 1989).

Here, there are a number of circumstances that justify

---

[1] The court has issued a separate order on Plaintiffs' request for enhancement awards.

2

increasing the fee award beyond the 25% benchmark.[2] First, as noted by Plaintiffs' counsel during the hearing, counsels' representation of the class was on a contingency fee basis and involved an atypical level of risk given that Defendant is a small company in financial distress.[3] Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1048 (9th Cir. 2002)("Risk is a relevant circumstance."). Moreover, in considering the size of the expected recovery under the settlement, courts have recognized that there is often an inverse relationship between the size of the fund and the percentage awarded for fees, and that in many instances a large recovery is merely a factor of the size of the class and has no direct relationship to the efforts of counsel. See Jones, 654 F.3d at 943; see also In re First Fidelity Bancorporation Sec. Litig., 750 F. Supp. 160, 163-164 (D.N.J. 1990) (citing Rothfarb v. Hambrecht, 649 F. Supp. 183, 185 n.12 (N.D. Cal. 1986)). Here, the class was small (only 44 members), and the percentage requested is thus not merely the product of a large class, but reflects the work performed

---

[2] In determining whether the standard 25% benchmark should be awarded or adjusted either upward or downward, courts may consider: (1) the result obtained for the class; (2) the effort expended by counsel; (3) counsel's experience and skill and the quality of the work; (4) the complexity of the issues; (5) the risks of non-payment assumed by counsel; (6) the reaction of the class; and (7) the comparison of the benchmark with counsel's lodestar. Wren v. RGIS Inventory Specialists, Case No. 06-05778, 2011 U.S. Dist. LEXIS 38667, at *79 (N.D. Cal. Apr. 1, 2011) (citing Craft v. County of San Bernardino, 624 F. Supp. 2d 1113, 1116-17 (C.D. Cal. 2008); Fernandez v. Victoria Secret Stores, LLC, Case No. 06-04149, 2008 U.S. Dist. LEXIS 118631, 2008 WL 8150856, at *11 (C.D. Cal. July 21, 2008)).

[3] Defendants' counsel represented at the hearing that while the settlement is fully funded, Defendants are in the midst of wrapping up their operations.

by Plaintiffs' counsel. Additionally, no class members have objected to the settlement or to the attorneys' fees sought, and the class members have obtained a good and speedy result. Approximately 86% of the class members representing 95% of the total days worked and the expected payout have accepted the settlement, an extremely high percentage in the court's experience. These figures suggest that the results obtained were very favorable to the class.

I have also reviewed the billing records and declarations submitted by Plaintiffs' counsel regarding their hourly rates and hours billed to this litigation as a means of "cross-checking" the fee award sought by Plaintiffs, and the lodestar cross-check confirms that Plaintiffs' fee request is reasonable. <u>Florida ex rel. Butterworth v. Exxon Corp.</u> (<u>In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig.</u>), 109 F.3d 602, 608 (9th Cir. 1997) (courts may compare the two methods of calculating attorneys' fees in determining whether fees are reasonable); <u>Vizcaino v. Microsoft Corp.</u>, 290 F.3d 1043, 1050 (9th Cir. 2002) ("[T]he lodestar may provide a useful perspective on the reasonableness of a given percentage award"). As Plaintiffs point out, the requested fee is significantly less than Plaintiffs' lodestar figure, suggesting that the requested fee is reasonable in light of the hours devoted to the case.[4] Plaintiffs' counsel have represented, and their billing records confirm, that they devoted 360 hours to this litigation. I have reviewed the

---

[4] Plaintiffs request $150,000.00, while the lodestar is $196,876.00.

4

billing records and find that the hours billed are not excessive or duplicative and would not warrant reduction. Plaintiffs' counsels' mixed hourly rate is $546.88, which is high in light of recent fee awards in this district, but even a reasonable downward adjustment in this rate would result in a higher lodestar than the amount Plaintiffs are requesting, which further supports that the 30% percentage recovery is reasonable in light of the hours expended.[5]

The $4,000 in litigation costs and expenses incurred by class counsel also appear to have been reasonably incurred for the benefit of the class, and I therefore find that their reimbursement is reasonable and justified.

Accordingly, **IT IS HEREBY ORDERED THAT** Plaintiffs' counsel are awarded fees from the settlement fund in the amount of $150,000.00 and reimbursement of costs and expenses in an amount not to exceed $4,000.

Dated: February 1, 2012

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\WADE V. MINATTA\ORDER ON ATTYS FEE AWARD USE THIS.FINAL VERSION.wpd

---

[5] For example, reducing Mr. Harris' hourly billing rate to $700 in lieu of the requested $800, and his paralegal's billing rate to $130 in lieu of the requested $210, would still result in a lodestar of $180,925.

5