UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH P. WADE, et al., | |
| Plaintiff(s), | No. C10-2796 BZ |
| v. | |
| MINATTA TRANSPORTATION CO., et al., | **JUDGMENT AND ORDER OF DISMISSAL** |
| Defendant(s). | |

This matter came before the court for hearing on February 1, 2012, pursuant to the Order Granting Preliminary Approval of Settlement ("Preliminary Approval Order"), entered September 7, 2011, and pursuant to Plaintiffs' Motion for Final Approval of Class-Action Settlement. Due and adequate notice having been given to the Class, and the court having considered all papers filed, the briefing submitted by the parties and the oral arguments presented at the hearing, and good cause appearing, **IT IS HEREBY ORDERED AS FOLLOWS:**

1. For purposes of this Judgment and Order of Dismissal, all terms used herein shall have the same meaning as defined in the Stipulation of Settlement entered into by

1

and between Plaintiffs Kenneth P. Wade and Kevin R. Baer and Defendants Minatta Transportation Company and Shamrock Materials, Inc. ("Settlement") attached as Exhibit 1 to the Declaration of Alan Harris filed on May 18, 2011 (Docket No. 22). Certain terms and procedures for implementation of the Settlement are modified as set forth in the Supplemental Harris Declarations (Docket Nos. 27 and 31) and the modified Class Notice (Docket No. 31-1) and modified Claim Form (Docket No. 31-3);

2. For purposes of this Order, and consistent with the Settlement, the term "Class," which is hereby certified for settlement purposes pursuant to Rule 23 of the Federal Rules of Civil Procedure, is defined as follows: All persons who were employed by Minatta Transportation Company as a truck driver between May 28, 2006 and September 7, 2011, the date the court entered the Preliminary Approval Order. For convenience, the term Class includes those members of the class who opted into the collective action pursuant to 29 U.S.C. § 216(b).

3. The court has jurisdiction over the subject matter of each of the claims asserted in the complaint, and has personal jurisdiction over the parties, including the members of the Class.

4. The court finds that the Notice provided to Class members was the best notice practicable under the circumstances of these proceedings, and that the Notice fully satisfies the requirements of the Federal Rules of Civil

1  Procedure, due process and any other applicable laws.  The
2  court further finds that the Settling Parties have satisfied
3  the requirements of notice to pertinent government agencies
4  set forth in the Class Action Fairness Act.
5       5.   The court finds that the Settlement is fair,
6  reasonable and adequate to the Class and to each Class member
7  in light of the defenses raised and approves it.  The court
8  further finds that the Settlement was entered into in good
9  faith following arms-length negotiations and is non-collusive.
10      6.   There have been no objections to the Settlement.
11      7.   Thirty-six timely and valid Claim Forms were
12 submitted to the Claims Administrator.  Two late Claim Forms
13 were submitted and the Settling Parties have agreed to accept
14 these late Claims Forms.  The Court hereby **ORDERS** that the two
15 late claims be honored.  There were no requests for exclusion
16 from the Settlement.
17      8.   The court grants final approval of the Settlement and
18 directs that the Settlement be consummated in accordance with
19 its terms and conditions.  The thirty-eight Class members who
20 filed Claims Forms shall participate and receive individual
21 settlement payments in accordance with the terms of the
22 Settlement.
23      9.   Neither the Settlement nor this Judgment will result
24 in the creation of any unpaid residue or residual.  The Claims
25 Administrator is ordered to make the payments required under
26 the Settlement in accordance with its terms and conditions.
27 Within 10 days of making the last payments authorized by this
28

Order, the Claims Administrator shall file an accounting with the court.

10. The Settlement and this Judgment release and absolutely and forever discharge named Plaintiffs and the Class, on the one hand, and Defendants Minatta Transportation Company and Shamrock Materials, Inc., on the other, from any and all claims, as follows:

> From May 28, 2006, through September 7, 2011, Class Members shall release Defendants and all Related Persons (which includes Defendants and each and all of their past or present parents, subsidiaries, and affiliates, as well as Defendants' respective past or present predecessors, successors, assigns, representatives, officers, directors, shareholders, attorneys, insurers, agents, and employees) from all "Released Claims Under California Law" and "Unknown Claims." "Released Claims Under California Law" means any and all claims that were asserted in the Litigation against Defendants by Plaintiffs on behalf of Class Members accruing at any time prior to the entry by the Court of the Order of Preliminary Approval, which include claims arising under California Labor Code sections 201, 202, 203, 204, 210, 218, 218.5, 218.6, 226, 226.7, 510, 512, 1194, 1194.2, 1197, and 1198 (and related provisions under the Industrial Welfare Commission Wage Orders); related claims under section 17200 *et seq*. of the California Business and Professions Code; and related claims under section 2698 *et seq*. of the California Labor Code. "Released Claims" specifically excludes any and all current or potential claims for (a) workers compensation, (b) unemployment insurance, (c) any and all claims for discrimination, harassment, failure to accommodate and/or retaliate, including claims under the California Fair Employment Housing Act, Title VII of the Civil Rights Act of 1964, as amended, the U.S. Family and Medical Leave Act of 1993, as amended, the National Labor Relations Act, as amended, the Civil Rights Act of 1866, as amended, Section 1983 of the Civil Rights Act of 1871, as amended, Section 1981 of the Civil Rights Act, as amended, the Immigration Reform and Control Act of 1986, as amended, the Employee Retirement Income Security Act of 1974, as amended, the Comprehensive Omnibus Budget Reconciliation Act of 1985, as amended, the Health Insurance Portability and Accountability Act of 1995, as amended, the Americans with Disabilities Act, as amended, the Rehabilitation Act of 1973; the federal Age Discrimination in Employment Act of 1967. "Unknown

Claims" means any and all wage-hour causes of action and claims relating to those causes of action and claims alleged in the Complaint (the operative pleading) that have been, could have been, or may have been alleged by a Class Member in the Litigation that the Class Member (as well as his or her assigns, predecessors, and successors) does not know or suspect to exist in his or her favor at the time of the release of the Released Persons and that, if known by him or her, might have affected his or her settlement with and release of any or all of the Released Persons or might have affected his or her decision not to object to or request to be excluded from the Stipulation of Settlement. All Class Members who do not exercise their right to exclude themselves also agree to waive all rights and benefits afforded by section 1542 of the California Civil Code, which provides:

**"A general release does not extend to claims which the creditor does not know about or does not suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

Only those Class Members who submitted Claim Forms shall release Defendants and Related Persons from "Released Claims Under the FLSA," which means any and all claims that were asserted in the Litigation against Defendants by Plaintiffs on behalf of Class Members accruing at any time prior to the entry by the Court of the Order of Preliminary Approval and arising under the FLSA.

11.  The court determines that the Claims Administrator is entitled to an award of $7,500 for costs related to the administration of the claims procedure and distribution of the settlement fund.

12.  The court hereby enters this Order as Judgment and decrees that upon entry, it shall be deemed as a final judgment with respect to all claims by all members of the Class against Defendants.

13.  The court hereby dismisses this action against Defendants with prejudice.

5

14. The court shall retain jurisdiction over this action for purposes of administering and enforcing this Judgment.

Dated: February 1, 2012

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\WADE V. MINATTA\JUDGMENT.USE THIS.wpd